UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20244-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLAUDIA MARCELINA OROZCO,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Claudia Marcelina Orozco's Motion to Modify a Prison Sentence Pursuant to 18 U.S.C. § 3582(c) based on Extraordinary Circumstances, ECF No. [42] ("Motion"). The Government filed a Response in Opposition, ECF No. [43] ("Response"), to which Defendant did not file a Reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

On April 30, 2019, Defendant was indicted on seven counts: conspiracy to commit healthcare fraud and wire fraud in violation of 18 U.S.C. § 1349 (Count I) and healthcare fraud (Counts II – VII). ECF No. [3]. On August 19, 2019, Defendant pleaded guilty to Count I. ECF Nos. [22], [25], and [26]. On November 1, 2019, Defendant was sentenced to 36 months' imprisonment followed by two years' supervised release and ordered to pay restitution in the amount of $2,763,679.00. ECF Nos. [35] and [36]. Defendant is currently housed at FDC Miami. ECF No. [43] at 1.

On May 27, 2020, Defendant filed the instant Motion requesting that she be released from prison in light of the current coronavirus ("COVID-19") pandemic. ECF No. [42]. Specifically, she represents that she suffers from a history of hypertension and heart arrythmia, anemia and high blood pressure, and that she previously had heart surgery. *Id.* at 1. She states that her confinement "must not carry the risk of a preventable death from disease." *Id.* In her view, it is "not if she gets the virus but when." *Id.* at 4 (emphasis omitted). She adds that she is "black and Hispanic which is a segment of the population with exceptionally higher numbers of COVID-19 infections." *Id.* at 2. Thus, Defendant posits that if she is infected, "she is by far one of the most vulnerable, and likely to suffer a life threatening situation." *Id.* at 4. She adds that she has two handicapped children who have been kept home rather than in school because of the pandemic. *Id.* at 5. The Government opposes Defendant's Motion. *See* ECF No. [73].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 1,973,000 confirmed cases and over 112,000 reported deaths as of June 10, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated June 10, 2020).

Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a

motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> >
> > . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

4

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted her administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

Case 1:19-cr-20244-BB   Document 44   Entered on FLSD Docket 06/17/2020   Page 6 of 9

Case No. 19-cr-20244-BB

but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Defendant's Motion requests that her sentence be modified and that she be released from BOP confinement based on her underlying medical conditions and her desire to be with her children. ECF No. [42]. The Government opposes, arguing that Defendant has not exhausted her administrative remedies, she does not present extraordinary and compelling reasons to justify early release, and she has not met her burden to warrant a reduction in her sentence in light of the § 3553(a) factors. ECF No. [43]. Likewise, the Government argues that the BOP has modified its operating procedures in order to effectively respond to the COVID-19 pandemic and that it has the capacity to properly address outbreaks among inmates housed in federal facilities. *Id.*

As an initial matter, Defendant has failed to exhaust her administrative remedies with the BOP. The Motion represents that on May 5, 2020, Defendant's counsel wrote to Warden Wilson at FPC Alderson requesting that Defendant be considered for compassionate release. *See* ECF No. [42] at 11. However, as the Government correctly points out, this request was directed to the wrong institution because Defendant is currently housed at FDC Miami. Therefore, the appropriate BOP facility has not had an opportunity to consider Defendant's request. Accordingly, Defendant has failed to exhaust her administrative remedies. This alone is a sufficient basis to deny the Motion. Nevertheless, even if Defendant made a request to the proper facility and even if she had satisfied the exhaustion requirement, as explained below, she has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the

sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 36 months was appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served approximately twenty percent of that sentence. Moreover, aside from her alleged medical conditions, which existed and were considered at the time of sentencing, *see* ECF Nos. [29] and [32], Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). Indeed, even though Defendant represents that she has children, she does not present any evidence that these individuals require her specific assistance and cannot be cared for without her during this time. As such, the Court concludes that a modification of Defendant's sentence is unwarranted at this time.

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant states that because she is black, Hispanic, and has hypertension, heart arrythmia, and prior heart

surgery, if she gets infected, she is "by far one of the most vulnerable, and likely to suffer a life threatening situation." ECF No. [42] at 4. CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[2] Defendant is 25 years old, and she does not allege that any such ailment is terminal or that it substantially diminishes his ability to provide self-care within the correctional facility environment.

The Court is sympathetic to Defendant's health conditions and her concerns regarding COVID-19 outbreaks in prison facilities, and notes that certain of her medical conditions — i.e., heart issues — are risk factors that are designated in the CDC's guidance. The Court is equally mindful of the effect that her incarceration has on her family, including her children. However, the BOP website indicates that at FDC Miami, only three inmates and thirteen staff members have tested positive for COVID-19.[3] Nonetheless, Defendant does not allege that she has been exposed to any individuals with COVID-19 or that current procedures in place at FDC Miami or resources available there are insufficient to protect her and other at-risk individuals. Likewise, Defendant does not allege that her health conditions are deteriorating. Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-

---

[2] *Groups at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

[3] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 11, 2020).

cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Thus, Defendant has not met her burden that extraordinary and compelling reasons exist to support her request for compassionate release.[4]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [42]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record

---

[4] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting a sentence reduction, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).