UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20244-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLAUDIA MARCELINA OROZCO,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Claudia Marcelina Orozco's Motion for Reconsideration of It's [sic] Order Denying Motion to Modify Prison Sentence, ECF No. [45] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

On June 15, 2020, the Court entered an Order denying Defendant's motion to modify her prison sentence, ECF No. [44] ("Order"). The Order explained that Defendant failed to exhaust her administrative remedies with the BOP, the 18 U.S.C. § 3553(a) factors did not favor sentence modification and release, and Defendant failed to demonstrate "extraordinary and compelling reasons" justifying compassionate release. *See generally id.* Defendant now moves for reconsideration because a letter seeking compassionate release was transmitted to a BOP facility yet the BOP is not reviewing requests for home confinement until inmates "reach their designated facility." ECF No. [45].

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil

standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)). "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A motion for reconsideration should not simply rehash previously litigated issues[.]" *United States v. Russo*, No. 11-6337-RSR, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011); *see also Smith*, 488 F. App'x at 428 ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur*, 500 F.3d at 1343)).

Reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). Indeed, to warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted).

Upon review and consideration, the Court does not find a basis to disturb its prior ruling denying Defendant's underlying motion. As an initial matter, the Motion fails to present a reason to reassess whether Defendant carried her burden to support her request for compassionate release. Importantly, the Motion *does* clarify that the Defendant did seek home confinement with the BOP and was told that her request would not be reviewed until she reached her designated facility. *See* ECF No. [45] at 5. Accepting that the Defendant exhausted her administrative remedies, which

Defendant effectively asserts, the Motion does not challenge the additional determinations set forth in the Order. As noted, exhaustion is only one of the considerations the Court must undertake when evaluating Defendant's request. *See* ECF No. [44] at 5-6. In this respect, the Order explained that "even if Defendant made a request to the proper facility and even if she had satisfied the exhaustion requirement," she would still not be entitled to compassionate release. The Motion does not provide cause to reconsider the Court's conclusion.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [45]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 13, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record